**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES E. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 08-526 (HHK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA POLICE ) | |
| CHIEF, ET AL. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendants hereby move this Honorable Court to dismiss the Complaint based on lack of subject-matter jurisdiction and/or Plaintiff's failure to state a claim upon which relief can be granted.

The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities incorporated by reference herein. A proposed order is attached hereto.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON [#435163]
Section Chief, General Litigation Section I

/s/ Lucy Pittman
LUCY PITTMAN [#483416]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

|  |  |
|---|---|
|  | (202) 442-9891 (telephone) |
|  | (202) 727-3625 (fax) |
| Dated: June 17, 2008 | lucy.pittman@dc.gov |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 17, 2008, copies of the foregoing Motion and all accompanying documents were filed with the Court's Electronic Case Filing system and sent by U.S. Mail, first-class, postage-prepaid, to:

James E. Hill
663 24th Street, N.E., Apt. 56
Washington, D.C.  20002
*Pro Se* Plaintiff

/s/ Lucy Pittman
Lucy Pittman
Assistant Attorney General

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES E. HILL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA POLICE ) <br> CHIEF, ET AL. ) <br> ) <br> Defendants. ) <br> ) | Civil No.  08-526 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant District of Columbia Police Chief, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), move this Court to dismiss the Complaint.  This memorandum of points and authorities is provided in support of the Defendant's dispositive motion in accordance with LCvR 7(a).

As a threshold matter, this case should be treated as a case against the District of Columbia, rather than as a case against the official position – Chief of Police.  Plaintiff names the District of Columbia Police Chief as a Defendant in this action.  The Complaint concerns allegations regarding official duties of the Chief of Police as the head of the Metropolitan Police Department.  Accordingly, based on the case law governing official capacity suits, this case should be treated as a suit against the District of Columbia.[1]

**FACTUAL BACKGROUND**

The Plaintiff filed the instant lawsuit claiming that his constitutional rights were violated because the Defendant has not returned his property.[2]  Attached to his complaint is an Order

---

[1] It is well settled that a suit against a defendant in his or her official capacity is treated as a suit against the District of Columbia.  *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).

[2] Plaintiff claims that the Defendant is in possession of $1202.81 (one thousand two hundred two dollars and eighty-one cents) and a 1992 silver Toyota 4 Runner, VIN No. JT3VN39W2N0091350.

from the Superior Court of the District of Columbia (J. Leibovitz). The Order addresses the property and monies seized from Plaintiff through the criminal case no. 2004 FEL 848. The Order directed the Defendant to "return to Mr. Edward Hill or his designated beneficiary the . . . items seized from [Mr. Hill], *unless the item has been administratively forfeited* pursuant to D.C. Code Section 48-905.02(d)(3)(C)." (emphasis added). On April 10, 2007, the District of Columbia responded to the Superior Court's Order noting that the property and monies at issue were forfeited pursuant to D.C. Code § 48-905.02 (2001) (Attachment 1).

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must accept the allegations in the complaint as true. *See, e.g., Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Complaints filed without the assistance of counsel are held to "less stringent standards than formal pleadings drafted by lawyers." *Williams v. Moore*, 899 F.Supp. 711, 712 (D.D.C.

1995) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  However, "a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Williams*, 899 F.Supp. at 712 (*quoting Henthorn v. Department of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).

## ARGUMENT

### I.     Plaintiff Cannot Establish Municipal Liability Under 42 U.S.C. § 1983[3]

To hold the District liable under 42 U.S.C. 1983, a plaintiff must show that the District implemented or executed a policy or custom that causes the deprivation of plaintiff's constitutional rights.  *Monell v. Dept. of Social Svcs*, 436 U.S. 658, 690–91 (1978); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998) (*per curiam*).  Plaintiff thus has the burden of proving (1) that he was deprived of constitutional rights, and (2) that the deprivation was caused by a policy or custom of the District.  *See Warren v. District of Columbia*, 353 F.3d 36, 38 (*citing Collins v. City of Harker Heights*, 503 U.S. 115, 123–24 (1992)).

In order to survive a motion to dismiss, a complaint must allege that a policy or practice caused the alleged constitutional violation.  *See Dant v. District of Columbia*, 829 F.2d 69, 76-77 (D.C. Cir 1987) (stating that a complaint that fails to allege an established policy or practice caused the constitutional violation, fails to allege a necessary element of liability under § 1983,

---

[3] Plaintiff's complaint alleges violations of 42 U.S.C. §§ 1981 and 1893.  Defendant treats the reference to section 1893 as a typographic error because following the reference the Plaintiff quotes part of 42 U.S.C. § 1983.  It also appears that the reference to section 1981 was an error.  Section 1981 protects against discrimination on basis of race.  In *General Bldg. Contractors Ass'n v. Pa.*, 458 U.S. 375, 387 (U.S. 1982) the Court noted that "both § 1981 and § 1982 'prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein.'" (*quoting Jones v. Alfred H. Mayer Co.*, 392 U.S., 409, 436 (1968).  There is nothing in the instant complaint to suggest that Plaintiff is alleging discrimination.

Plaintiff cites to articles 5 and 14 of the Constitution alleging that his rights under those provision were violated.  Defendant treats the reference to articles rather than amendments as an error because following the citation Plaintiff attempts to quote the due process clauses of the Fifth and Fourteenth Amendments.  The Fourteenth Amendment is not applicable to the District of Columbia; the Fourteenth Amendment's due process clause is only applicable to the states.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

and the claim must be dismissed) (*citing Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 691 (1978)).

The instant complaint merely provides a conclusory assertion that is insufficient to satisfy the requirements of 42 U.S.C. § 1983. Plaintiff cannot meet the difficult burden established by case law. Merely invoking § 1983 buzzwords is not sufficient to state a claim. Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed.

**II.     This Court Lacks Subject-Matter Jurisdiction**

The essence of Plaintiff's complaint is an allegation that the Defendant did not comply with an Order of the Superior Court. *See* Complaint, pg. 2 ("the District of Columbia Police Department was [C]ourt ORDERED to return all property belonging to James Edward Hill. As of the filing of this Petition the Police Department and DC US Attorney's Office failed and refused to comply with said court order . . ."). Alleging that the Defendant failed to comply with an Order of the local court is not a federal question, as required for jurisdiction pursuant to 28 U.S.C. § 1331.[4]

Moreover, because Plaintiff failed to set forth a cognizable constitutional claim against the District, the Court should dismiss any local claim for failure to satisfy subject matter jurisdiction. Without a federal question, the Court should decline to exercise supplemental jurisdiction over the non-federal claims asserted by the Plaintiff. *See* 28 U.S.C. § 1367(c)(3). Furthermore, the Supreme Court has ruled that, once federal claims have been dismissed, a District Court *should* dismiss pendent state law claims. *See United Mine Workers of America v.*

---

[4] The complaint alleges that jurisdiction is found in 28 U.S.C. § 1331 and § 1336. Section 1336 is inapplicable to this case. *See* 28 U.S.C. § 1336 (providing jurisdiction in the District Court for "any civil action to enforce, in whole or in part, any order of the Surface Transportation Board"). To the extent that Plaintiff intended to refer to section 1367, providing supplemental jurisdiction, Defendant argues herein that the Court should not exercise supplemental jurisdiction in this matter because there are no viable federal claims.

4

*Gibbs*, 383 U.S. 715, 726 (1966).  *See also, Decatur Liquors Inc. v. District of Columbia*, 478 F.3d 360, 362-63 (D.C. Cir. 2007), (holding a federal court lacks jurisdiction of the case altogether if the federal claims are insubstantial).

### III.  Plaintiff's Claims Are Substantively Without Merit

Assuming *arguendo* that the Court has jurisdiction, Plaintiff's claims are without merit. Defendant complied with the Superior Court Order, attached to Plaintiff's complaint and referred to therein.  The directive from the Superior Court Order was conditional:

> [t]he United States Attorney and/or Property Control Branch for the Metropolitan Police Department and/or any other governmental agency shall return to Mr. Edward Hill or his designated beneficiary the . . . items seized from [Mr. Hill], *unless the item has been administratively forfeited* pursuant to D.C. Code Section 48-905.02(d)(3)(C).

(emphasis added).  The Court clearly provided that the property was to be returned unless it had been forfeited through the administrative procedures set forth in District law.  The Defendant responded to the Court Order that the property was forfeited and therefore could not be returned to Mr. Hill.  *See* Attachment 1.  Accordingly, Plaintiff's claim that Defendant failed to comply with the Order is incorrect.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss the Plaintiff's claims.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    /s/ Kimberly M. Johnson
    KIMBERLY MATTHEWS JOHNSON [#435163]

5

Section Chief, General Litigation Section I

/s/ Lucy Pittman
LUCY PITTMAN [#483416]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9891 (telephone)
(202) 727-3625 (fax)
lucy.pittman@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES E. HILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Civil No. 08-526 (HHK) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA POLICE | ) |
| CHIEF, ET AL. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER**

Upon consideration of the Defendant's Motion To Dismiss, the Memorandum of Points and Authorities in Support thereof and any opposition thereto, the entire record herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the Defendant's Motion To Dismiss be, and hereby is, GRANTED, and it is

FURTHER ORDERED, that the Complaint against the District of Columbia Police Chief is hereby DISMISSED with prejudice.

SO ORDERED.

DATE: _____        _____

                                                      HENRY H. KENNEDY, JR.
                                                      United States District Judge

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION-FELONY BRANCH

| | |
|---|---|
| UNITED STATES | * |
| v. | * Case No.: 2004 FEL 848 |
| EDWARD HILL | * Judge Lynn Leibovitz |
| Defendant. | * |

### DISTRICT OF COLUMBIA'S RESPONSE TO JUDGE LEIBOVITZ'S AMENDED ORDER

The District of Columbia ("the District"), through its attorneys, the Office of the Attorney General for the District of Columbia, hereby responds to Judge Leibovitz's Amended Order, stating as follows:

1. The District of Columbia has been informed by Officer Robert Holder, Evidence Control Department, Metropolitan Police Department ("MPD") and Robert L. Rose, Supervisor, Blue Plains Impoundment Lot, MPD that the following items seized from the defendant, Mr. Edward Hill, were administratively forfeited pursuant to D.C. Code Section 48-905.02 (2001) on May 18, 2006 and May 12, 2006, respectively:

   (a)  $1202.81 (one thousand, two hundred and two dollars and eighty-one cents);

   (b)  1992 silver Toyota 4 Runner, VIN No. JT3VN39W2N0091350.

2. Because the property has been administratively forfeited, return of the property would be impossible.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

1

BENNETT RUSHKOFF
Acting Deputy Attorney General
Public Advocacy Division

_____
STEPHANE J. LATOUR
Acting Chief, Civil Enforcement Section
Bar Number 491297

_____
TASHA HARDY
Assistant Attorney General
Bar Number Pending
Suite 450-N
441 4th Street, N.W.
Washington, D.C. 20001
(202) 727-2429
(202) 727-6546 (fax)
E-mail: tasha.hardy@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing District of Columbia's Response to Judge Leibovitz's Amended Order was mailed first class, postage prepaid, on this 10th day of April, 2007, to:

Mr. Edward Hill
663 24th Street, N.E.
Apartment #A56
Washington, DC 20002

United States Attorney
Felony Division
555 4th Street, N.W.
Washington, DC 20001

Property Clerk
Property Division
Metropolitan Police Department
2235 Shannon Place, S.E.
Washington, DC 20020

*Tasha Hardy*
Tasha Hardy
Assistant Attorney General
Suite 450-North
441 4th Street, N.W.
Washington, D.C. 20001