UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES EDWARD HILL,

    Plaintiff,

v.                                                                          Civil Action No. 08-526(HHK)

UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA,
    Defendant.

FEDERAL DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

The Federal Defendant through and by undersigned counsel, hereby submits this Motion to Dismiss and in the alternative for Summary Judgment pursuant to Rule12(b)(1) and 12(b)(6), and Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff should take notice that any factual assertions contained in the affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendants' attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials

> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial. If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In support of this motion, Defendant respectfully refers the Court to the accompanying Statement of Material Facts Not In Genuine Dispute, and Memorandum of Points and Authorities in Support. A proposed Order consistent with this Motion is attached hereto.

        Respectfully submitted,

           /s/ Jeffrey A. Taylor
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

           /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

           /s/ Rhonda C. Fields
        RHONDA C. FIELDS
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES EDWARD HILL,

    Plaintiff,

v.                                                     Civil Action No. 08-526(HHK)

UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA,
    Defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

    The Federal Defendant respectfully submits this memorandum of points and authorities in support of defendant's motion to dismiss or in the alternative for summary judgment.

    Defendant's complaint alleges a "conspiracy to violate civil and constitutional rights" under 42 U.S.C. § 1981; violation of civil rights under 42 U.S.C. § 1983; and deprivation of property without due process under the U.S. Constitution.  Complaint at p. 1-2.  His claim is premised on the contention that defendant failed to comply with an order issued by a Judge of the Superior Court of the District of Columbia which directed that $1,202.81 in cash and a 1992 silver Toyota be returned to him "unless the item has been administratively forfeited . . . ." Complaint at Exhibit A.   Plaintiff seeks return of the property "with interests and monetary compensation for pains suffered by wantonly disregarding Court Orders. . . ."

    As is reflected in the motion of co-defendant, the District of Columbia, the property was administratively forfeited pursuant to the District of Columbia Code in May 2006.  Docket # 7-2.  Hence, no court order has been violated.

## I. Standard of Review

### A. Motion to Dismiss

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting, Inc. v. Rep. of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C.1998).

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause of action. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must accept all well-pleaded facts as true. *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

> To survive a motion to dismiss, a plaintiff need only include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200,. . .(2007) (alteration in original) (internal quotation marks omitted). Moreover, "when ruling on a defendant's

> motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.*; *see Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974,. . .(2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

*Muir v. Navy Federal Credit Union*, 529 F.3d 1100, 1108 (D.C.Cir. 2008)

### B. Motion for Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief. In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In *Anderson* the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Anderson*, 477 U.S. at 252; *see also Laningham v. Navy*,

3

813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

## II.  ARGUMENT

### A.  Sovereign Immunity Bars the Claims for Monetary Damages Recited in Plaintiff's Complaint

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. *Cox v. Secretary of Labor*, 739 F. Supp. 29, 30 (D.D.C. 1990); *see also, United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1316 (D.D.C. 1985).

The United States has not waived immunity for monetary claims based on violations of the constitution, and civil rights statutes relied on by plaintiff. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477-478 (1994)(United States has not waived sovereign immunity for money damages sounding in constitutional tort); *Abramson v. Bennett*, 707 F.Supp. 13, 16 (D.D.C.1989) ("Section 1983 only applies to state officials acting under color of state law.") *affirmed* 889 F.2d 291 (Table)(D.C.Cir.1989); *accord Gabriel v. Corrections Corp. of America*, 211 F.Supp.2d 132, 135 -136 (D.D.C.2002) (Bureau of Prisons not a state official acting under color of state law.).  Hence, claims for monetary damages based on these statutes must be dismissed.

**B. Plaintiff has not exhausted his claim under the Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. is the exclusive remedy against the federal government for torts committed by its employees. *Gabriel*, 211 F.Supp.2d at 136 (D.D.C.2002).

If this matter is construed as a FTCA matter, plaintiff has not alleged that he has exhausted the administrative remedies which are a prerequisite to filing suit against the United States under the FTCA. The FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States. Absent full compliance with the conditions placed upon waiver of that immunity, however, the Court lacks jurisdiction to entertain tort claims against the United States. *GAF Corp. v. United States*, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675(a), which provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied. . . .

*Id.*; *see GAF Corp. v. United States*, 818 F.2d at 904 n. 7. This requirement is jurisdictional and cannot be waived. *Rasul v. Myers*, 512 F.3d 644, 661 (D.C.Cir.2008)(failure to exhaust FTCA administrative remedies viewed as jurisdictional, citing *Simpkins v. District of Columbia*, 108 F.3d 336, 370 (D.C. Cir. 1997)).

Plaintiff has not alleged that any such administrative tort claim has been filed with any federal agency. In the absence of such allegations and proof, plaintiff cannot maintain an action under the FTCA. *GAF Corp. v. United States*, 818 F.2d at 904.

### C. Plaintiff's claims under the FTCA would fail

Even had plaintiff timely and adequately exhausted administrative remedies as required by 28 U.S.C. § 2675(a), the federal defendant would be entitled to dismissal as a matter of law. To the extent it could be construed that plaintiff has alleged that the federal defendant unlawfully detained his property, the Court lacks jurisdiction because plaintiff's ownership interest in the property has been forfeited. *See CCS Intern., Ltd v. U.S.*, 2003 WL 23021951, 3 (S.D.N.Y.2003):

> "The FTCA gives district courts exclusive jurisdiction of civil actions seeking money damages from the Government 'for injury or loss of property, or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment .' " *Formula One Motors, Ltd. v. United States*, 777 F.2d 822, 823 (2d Cir.1985) (quoting 28 U.S.C. § 1346(b)). The FTCA does, however, provide for certain exceptions to this grant of jurisdiction. *Id.* If a situation falls within one of the FTCA's enumerated exceptions, the district court does not have subject matter jurisdiction over the claim. *Id. (citing Birnbaum v. United States*, 588 F.2d 319, 322 (2d Cir.1978)). One such exception is the "detention exception."

*Id.*   But, the "carve-out from the detention exception is only relevant if the claimant's interest has not been forfeited."[1]   *CCS Intern., Ltd v. U.S.* , 2003 WL 23021951, 3 (S.D.N.Y.) (S.D.N.Y.2003); 28 U.S.C. § 2680(c) (2).   Plaintiff's interest in the property was administratively forfeited by the District of Columbia in May 2006, prior to the *nunc pro tunc* to October 26, 2006 Superior Court order to return the property.   Docket No.  7, attachment 1

---

[1] The detention exception allows for " tort claims against the United States Government based on the destruction, injury, or loss of ... property while in the possession of any law enforcement officer if the property had been seized for the purpose of forfeiture. Of course, if seized property is successfully forfeited, no claim would be allowed." *CCS Intern., Ltd v. U.S.*, 2003 WL 23021951, 3 (S.D.N.Y.)

Additionally, since the District of Columbia had forfeited the property in May, 2006, plaintiff is unable to prove that the federal defendant had possession or control of the property, at the time it was ordered to be returned.

## Conclusion

Therefore, for the reasons stated above, plaintiff's complaint should be dismissed.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES EDWARD HILL,

    Plaintiff,

v.                                              Civil Action No. 08-526(HHK)

UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA,
    Defendant.

STATEMENT OF MATERIAL FACTS

Defendant respectfully submits this statement of material facts as to which there is no genuine dispute.

1. The property in question, $1,202.81 and a 1992 silver Toyota 4 runner, were administratively forfeited on May 18, 2006 and May 12, 2006, respectively, pursuant to the D.C. Code. Docket No. 7, attachment 1.

                                  Respectfully submitted,

                                    /s/ Jeffrey A. Taylor
                                JEFFREY A. TAYLOR, D.C. Bar #498610
                                United States Attorney

                                  /s/ Rudolph Contreras
                                RUDOLPH CONTRERAS, D.C. Bar #434122
                                Assistant United States Attorney

                                  /s/ Rhonda C. Fields
                                RHONDA C. FIELDS
                                Assistant United States Attorney
                                Civil Division
                                555 Fourth Street, N.W.
                                Washington, D.C. 20530
                                202/514/6970 Respectfully submitted,

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 18th day of August, 2008, a copy of the foregoing Motion to dismiss or in the alternative for summary judgment was mailed, postage prepaid to .

JAMES EDWARD HILL
663 24th Street, NE
Apartment 56
Washington, DC 20002
PRO SE

                                              Rhonda C. Fields

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES EDWARD HILL,

    Plaintiff,

v.                                                                                          Civil Action No. 08-526(HHK)

UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA,
    Defendant.

ORDER

    Upon consideration of the Federal Defendant's Motion to Dismiss and in the alternative for Summary Judgment it is hereby

    ORDERED that the motion is GRANTED.

Date:                                                _____
                                                UNITED STATES DISTRICT COURT JUDGE